IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


BURNS TILTON BOYD,                          §
                                            §
                    Petitioner,             §
                                            §
v.                                          §          2:10-CV-191
                                            §
RICK THALER,                                §
Director, Texas Dep't of Criminal Justice,  §
Institutional Division,                     §
                                            §
                    Respondent.             §


## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

        Petitioner BURNS TILTON BOYD has filed with this Court a petition for a writ of habeas

corpus challenging a disciplinary proceeding.  Petitioner has not provided the location at which the

disciplinary proceeding took place nor has he provided the date on which the proceeding took place.

Boyd has, however, claimed he is eligible for mandatory supervised release and lost good-time credits

as a result of disciplinary proceedings 2004100721 and 2004118596.  *See Malchi v. Thaler*, 211 F.3d

953, 958 (5th Cir. 2000).

        As of the date the instant habeas application was filed, petitioner was incarcerated at the

Clements Unit in Potter County, Texas.  Boyd indicates he is currently incarcerated for seventy years

pursuant to a 2003 conviction out of Tyler County, Texas for burglary of a habitation with the intent

to commit theft.

        Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who

are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas

corpus. The statute of limitations is applicable to a prison disciplinary proceeding, and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Any appeal filed pursuant to the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.*

In this case, petitioner does not indicate the date of the guilty determination. The Court therefore does not have a factual predicate date. *See id.* Boyd does, however, indicate his Step 1 Grievance was denied on or about February 25, 2004 and his Step 2 grievance was denied on or about March 26, 2004. In the most lenient application of pertinent caselaw to this case, petitioner is clearly time barred by more than five years. *See id.*

## ADMONISHMENT

Petitioner is admonished that he has been sanctioned by this Court. The instant filing could be barred by this Court's Sanction Order. The Court gave petitioner the benefit of the doubt, however, and reviewed the habeas corpus petition. Any further habeas corpus filings, especially those, like the instant one, raising civil rights claims, will be considered as barred by the Sanction Order and will not be reviewed by the Court without prior approval as set forth by the Sanction Order.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BURNS TILTON BOYD be DISMISSED as time barred.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of August, 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).